IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE E. BOYD, # 18498-044,

        Petitioner,

   v.                                     Case No. 13-cv-651-DRH

JAMES CROSS,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Federal Correctional Institution at Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. The petition was filed on July 8, 2013. Petitioner was convicted in the Eastern District of Missouri in 1998, and is serving a 276-month sentence for possession with intent to distribute cocaine, possession of a firearm by a felon, identity theft, and filing a false currency transaction report. (*See* Doc. 40-2, *Boyd v. Cross*, S.D. Ill. No. 10-cv-719-DRH).

Petitioner is not a newcomer to this Court, having filed several previous habeas actions to challenge the armed career criminal enhancement to his sentence. *See Boyd v Revell*, No. 05-cv-209; *Boyd v. Revell*, No. 06-cv-711; *Boyd v. Sherrod*, No. 08-cv-598; and *Boyd v. Cross*, No. 10-cv-719. Each of those actions was dismissed. His most recent petition, however (*Boyd v. Cross*, No. 12-

cv-733-DRH-DGW), survived preliminary review and is currently pending before this Court.

Petitioner raises a new claim in the instant petition. He asserts that during his prosecution, the government withheld evidence that would have called into serious doubt the credibility of the witnesses against him. Their testimony bore directly on the question of whether petitioner or some other person was the owner of a gun and drugs found in the apartment of a third party, as well as another firearm seized from a motel office where petitioner had been employed (Doc. 1, pp. 9-13). He argues that without their testimony, he would not have been convicted. Petitioner has now obtained the evidence that was not turned over to the defense during his trial, and argues that these documents would establish he is actually innocent of the offenses for which he is now incarcerated.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 29th day of July 2013.

Digitally signed by David R. Herndon
Date: 2013.07.29 13:09:58 -05'00'

**Chief Judge**
**United States District Court**