IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE E. BOYD,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Civil No.  13-cv-651-CJP[1] |
| | ) |
| **J. S. WALTON** | ) |
| | ) |
| **Respondent.** | ) |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Willie E. Boyd filed a petition for writ of habeas corpus under 28 U.S.C. §2241, (Doc. 1).  In 1998, he was convicted in the Eastern District of Missouri of one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851; two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); two counts of false representation of a social security number in violation of 42 U.S.C. § 408(a)(7); and three counts of structuring transactions to evade reporting requirements in violation of 31 U.S.C. §§ 5313, 5324(a)(2), and 5324(c).   He was sentenced to  a total of 276 months imprisonment.

Boyd alleges prosecutorial misconduct in failing to turn over all discovery materials and suppressing evidence.  Respondent argues that Boyd is precluded from bringing a §2241 petition.

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 27.

**Relevant Facts and Procedural History**

Boyd has filed numerous collateral attacks on his conviction and sentence, both in the Eastern District of Missouri and in this District.  Some of these attacks have raised the claims that are raised here.

Petitioner's many filings in the Eastern District of Missouri and the Eighth Circuit Court of Appeals are described by Senior District Judge E. Richard Webber in an order dated April 25, 2012.   See, Doc. 11, Ex. C.  The motion before Judge Webber raised the same claims that are raised in the petition before this Court.  Judge Webber determined that the motion before him was an unauthorized successive §2255 motion.  Because the Eighth Circuit had repeatedly denied Boyd authorization to file a successive motion, Judge Webber dismissed the motion.  Because of Boyd's history of fling "a multitude of motions for reconsideration, rehearing, or the like," Judge Webber ordered the Clerk's Office to no longer accept filings from Boyd in his closed criminal case or in his closed 28 U.S.C. §2255 case. Ex. C, p. 7.

Boyd has also filed at least six post-conviction petitions in this District, which are described in respondent's answer, Doc. 11, at p. 4.  In *Boyd v. Revell*, Case No. 06-cv-711-WDS, Boyd filed a §2241 petition raising the same claims as he asserts in the present case. Senior District Judge William D. Stiehl noted that those same claims had, in fact, been raised in his first §2255 motion.  Judge Stiehl determined that the "§ 2241 petition qualifies as an attempt to circumvent the procedural limitations governing motions under § 2255" and dismissed.  Doc.

11, Ex. F.  The Seventh Circuit Court of Appeals affirmed.  Doc. 11, Ex. G.

Boyd's litigation history was discussed by the Seventh Circuit in an order denying his most recent appeal.  Because of his repeated raising of the same frivolous claim, the Court sanctioned Boyd as follows:

> Boyd is fined $500. Until he pays that sum in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit in accordance with *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995), and any papers he submits will be returned unfiled. Moreover, any papers he submits attacking his current criminal conviction also will be returned unfiled. *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997).

*Boyd v. Cross*, Case No. 13-337, Doc. 21 (January 13, 2014).

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence.  See, **Valona v. United States, 138 F.3d 693, 694 (7th Cir.1998).**

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S. C. §2255 in the court which sentenced him.  Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction."  **Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003)**.  However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under §2255.  A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found

3

the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). See, **United States v. Prevatte, 300 F.3d 792, 798–99 (7th Cir.2002)**. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." **In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)**

The Seventh Circuit has explained that, in order to fit within the savings clause following **Davenport,** a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. **Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013).** See also, **Brown v. Rios, 696 F3d 638, 640 (7th Cir. 2012).**

## Analysis

This Court cannot entertain Boyd's petition.

The claims asserted here were raised in Boyd's §2255 motion, and Boyd has already filed a §2241 petition in this District raising the same claims. Therefore, the present petition must be dismissed. 28 U.S.C. §2244(a).

Ignoring the fact that his claims have repeatedly been considered and denied, Boyd argues that **McQuiggin v. Perkins, 133 S.Ct. 1924 (2013)**, announced a new rule which permits him to proceed under the savings clause of 28 U.S.C. §2255(e). He in incorrect.

A claim fits within the savings clause where the remedy provided by §2255 is "inadequate or ineffective to test the legality of his detention." In order to show that §2255 is inadequate, a petitioner must "first show that the legal theory he advances relies on a change in law that both postdates his first §2255 motion (for failure to raise a claim the first time around does not render §255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" **Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003), citing Davenport, 147 F.3d at 611.** Where the claim being advanced in the §2241 petition could have been, or was, advanced in a prior §2255 motion, the remedy offered by §2255 is not inadequate or ineffective. **Taylor v. Gilkey, 314 F.3d 832, 835-836 (7th Cir. 2002); Davenport, 147 F.3d at 609.**

Boyd argues that **McQuiggin, supra,** constitutes a change in the law sufficient to meet the first **Davenport** requirement. However, **McQuiggin** holds

5

that a petitioner who asserts a credible claim of actual innocence may be able to overcome the statute of limitations for filing a petition for habeas relief under 28 U.S.C. §2254.  That case does not aid Boyd at all.  First, the impediment to Boyd's §2241 petition is not that it was not timely-filed; it is that he does not meet the substantive ***Davenport*** criteria for bringing a §2241 petition, and the claims he presents have already been ruled on.  Further, ***McQuiggin*** hold that the petitioner must advance a credible claim of actual innocence which meets the "demanding" standard of ***Schlup v. Delo*, 115 S.Ct. 851 (1995),** which Boyd has not done. ***McQuiggin*, 133 S. Ct. at 1936**.

## Conclusion

Willie E. Boyd's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE:  January 14, 2014.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**